## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEO JAMES BRUNORI,<br>**Plaintiff** | : | No. 3:25cv1144 |
| | : | |
| | : | **(Judge Munley)** |
| | : | |
| v. | : | **(Magistrate Judge Latella)** |
| | : | |
| JEFFREY BURMEN, CPL, *et al.*<br>**Defendants** | : | |

## ORDER

Before the court is a Report and Recommendation ("R&R") from United States Magistrate Judge Leo J. Latella after screening plaintiff's amended civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. (Doc. 20). The R&R will be adopted.

Plaintiff Leo James Brunori is incarcerated relative to a conviction for driving under the influence. (See Doc. 16, Am. Compl. at 7) ("Plaintiff has been incarcerated on DUI offenses since Feb. 28, 2024…"). Defendants in this action are three members of the Pennsylvania State Police, Trooper Thomas Whalon, Trooper Joseph Gilliot, and Corporal Jeffrey Burmen. Judge Jason Legg of the Susquehanna County Court of Common Pleas is also named as a defendant.

Encounters with law enforcement form the basis of many allegations in the amended complaint. First, Brunori details a DUI-related traffic stop conducted by Trooper Whalon in September 2023, which led to fifteen months of detention, a

trial in the Wayne County Court of Common Pleas, and an acquittal. The amended complaint also avers facts related to a separate arrest by members of the Pennsylvania State Police after a May 2023 encounter in Union Dale, Susquehanna County, Pennsylvania. Brunori alleges that Trooper Gilliot and Corporal Burman abandoned plaintiff's dog in his car when they took him into custody and that his dog experienced distress.

It is unclear whether Brunori is incarcerated relative to the May 2023 arrest or because of a separate traffic stop in Susquehanna County. In any event, Brunori's amended complaint further alleges that Judge Legg failed to credit him with time served in pretrial detention with respect to his current prison sentence.

The R&R resolves some of the issues which required clarity by grouping Brunori's allegations into three categories — 1) a Fourth Amendment claim for false arrest and/or malicious prosecution related to Trooper Whalon's Wayne County traffic stop; 2) a Fourth Amendment unlawful seizure claim against Trooper Gilliot and Corporal Burmen with respect to abandoning plaintiff's dog during the Susquehanna County traffic stop; and 3) the ostensible claim against Judge Legg for the failure to apply time-served credits. The R&R recommends dismissal of the claims related to the second and third categories. Per Magistrate Judge Latella's analysis, the claim related to plaintiff's dog is time-

2

barred and the claim against Judge Legg is better suited for a petition for writ of habeas corpus.

The R&R does not recommend dismissal of the false imprisonment and malicious prosecution claims against Trooper Whalon. Magistrate Judge Latella recommends that those claims move forward.

Brunori did not file objections to the R&R within the extended time frame provided by the court. (See Doc. 22). In deciding whether to adopt an R&R when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

Upon review of Brunori's amended complaint, there is no manifest error in Magistrate Judge Latella's analysis. Thus, the R&R will be adopted in its entirety. The claims against Trooper Gilliot, Corporal Burman, and Judge Legg will be dismissed with prejudice. The claim against Trooper Whalen will not be dismissed. Rather, this matter will be remanded to the magistrate judge for service of the amended complaint on the remaining defendant and for further pretrial management.

Accordingly, it is hereby **ORDERED** that:

1) The R&R, (Doc. 20), is **ADOPTED**;

2) Plaintiff's claims against Defendants Gilliot, Burman, and Legg are **DISMISSED** with prejudice;

3) Plaintiff's false arrest and malicious prosecution claims against Defendant Whalon will proceed; and

4) This matter is remanded to Magistrate Judge Latella for service of the amended complaint and for pretrial management, including the issuance of additional R&Rs on any dispositive motions.

Date: 6/23/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

4